OPINION
Defendant-appellant Martina Parkinson appeals the March 14, 2000 Entry entered by the County Court of Perry County, denying her motion to withdraw guilty pleas, which she filed subsequent to her sentencing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At approximately 1:35 a.m. on February 20, 2000, Deputy Mike LeCocq of the Perry County Sheriff's Department was dispatched to the Hall residence in Glenford, Perry County, Ohio, in response to a complaint of criminal damaging/assault. Deputy LeCocq's investigation of the complaint lead to the arrest of appellant. Appellant appeared in County Court for arraignment on February 22, 2000. The trial court explained the nature of and possible sentences for the offenses charged, the available pleas, and appellant's right to an attorney and right to a jury trial. The trial court inquired of appellant whether she had any questions regarding her rights or the available pleas. Appellant informed the trial court she did not understand the no contest plea. After the trial court clarified the meaning of a no contest plea, appellant entered a plea of guilty to the charges. The trial court thereafter provided appellant with an opportunity to present her version of the events of February 20, 2000. The trial court sentenced appellant to ninety days in jail on each count, but suspended eighty days of the sentence on each count upon the condition appellant attend and complete anger management counseling. The trial court ordered the remaining ten days on each count run concurrently, and imposed a $150 fine plus court costs upon appellant. Thereafter, on March 2, 2000, Attorney David Stokes filed a Notice of Representation and Motion on behalf of appellant. In the motion, appellant sought to withdraw her guilty pleas, maintaining she did not understand the pleas available to her, did not act with the requisite, culpable mental state, and the victim desired to drop the charges. Via Entry filed March 14, 2000, the trial court denied appellant's motion. It is from this judgment entry appellant prosecutes this appeal, raising as her sole assignment of error:
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HER"GUILTY" PLEAS.
 I
Herein, appellant maintains the trial court erred and abused its discretion in denying her motion to withdraw her guilty pleas. Crim.R. 32.1 provides: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In the instant action, appellant sought to withdraw her pleas of guilty after the trial court imposed sentence. Such a request is cognizable only in the "extraordinary case" to correct a "manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, 264. Appellate review of a trial court's decision to deny a motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157-158. In addition, the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. During appellant's arraignment, the following dialogue occurred between appellant and the trial court:
 JUDGE: * * * Miss Parkinson do you have any questions regarding your rights?
[APPELLANT]: No sir.
 JUDGE: Do you have any questions regarding the pleas available to you?
[APPELLANT]: I don't understand.
 JUDGE: Do you have any questions regarding the pleas available to you?
[APPELLANT]: The no contest.
 JUDGE: A no contest plea is not an admission of guilt however it is an admission that the officer['s] report which lead to the citation being filed is correct. If you are denying the charge or you want to contest the charge then the plea you wish to enter is a not guilty plea.
[APPELLANT]: Guilty.
 JUDGE: Guilty. Folks you are going to be handed what are called waiver of rights forms and what these forms do are explain to you the rights that you are waiving by entering a guilty or no contest plea to the respected charges before the court. I will review the form with you orally and if you have any questions pertaining to any of the rights contained in the document simply indicate that and I will attempt to address them. * * * By signing that document you are knowingly, intelligently and voluntary waiving or not enforcing the rights that are contained on that document. Do any of you have any questions with regards to this? Hearing none then if you would each sign that for me, please. Miss Parkinson I saved you for last because I'm little confused with respect to what is going on there. You need to make a statement, I will just tell you that. It is very important to you at this point to make a statement I want you to give me your side of this. Shoot.
 [APPELLANT]: First of all I'm the one that called the police and when he came from my home he told me — he asked me if I wanted to press charges. Because this is all — this is a family matter — they had my little girl and they wouldn't release her to me. Because her father had said — had called and said no because we would arguing. I was leaning on the window — it's a old door and the window is like a really thin piece of glass and I knew that they was standing there. I knew that they wouldn't asleep. They was babysitting until we got through bowling. They was actually at the bowling alley before — they had left before us. So, Gary and I, the baby's father was arguing and he took me and dumped me off and I left and went to pick the baby up from his sisters. And he had called in between and told them not to let her — for them not to let me have her. By the time I got to the house.
JUDGE: Why would they have done that?
 [APPELLANT]: Because — well because Gary and I was fighting.
JUDGE: Didn't have anything to do with you drinking?
[APPELLANT]: No, it did not. Because the person —
 JUDGE: That is littered through out the whole story here. The officer's statement indicates that you were intoxicated.
 [APPELLANT]: He asked me if I had been drinking and I said yes we had a beer at the bowling alley. But, this is where we come into a problem. The person that had the baby Dala Hall the one that I assumed pressed the charges and he is now trying to drop the charges. He got picked up that same night for an O.M.V.I. so, they were more intoxicated then — you know — and was drinking and driving and got pulled over for a O.M.V.I. and that was in Newark. You can check that out. But, they were — they wasn't denying me of getting the baby because I was intoxicated that was just — I shouldn't have been drinking — no I wasn't drinking at the time that I picked her up and were all drinking at the bowling alley earlier in the evening. Gary and I was arguing and fighting, Lindsey — Dala was already home with the baby and when Gary and I got into the argument this was probably three to four hours later after we was at the bowling alley. They still had the baby and I was to go and pick the baby up. But, I did not intentionally bust the window and Mr. Hall — Dala knows that. That the window is a very old door —.
 JUDGE: Well they didn't know that on the night that this happened.
 [APPELLANT]: And they called me the next day when I got out of jail, my sister bailed me out of jail and the next day they called me and told me they was sorry for keeping me from Lindsey. They shouldn't have got in the middle of it and all day Sunday and then, excuse me, last night had been trying to drop the charges and I was informed just to plea guilty. Because I can't fight the fact that yes the window is busted and that they got a new door our of it and all I have to pay for is the dead bolt.
 JUDGE: I guess I'm going to be the one that makes that decision.
 [APPELLANT]: And as far as her hair got pulled. Because when the window got busted Dala Hall opened the door and he grabbed me and this is where I told the officer. Because I have bruises and a cut on my leg and down here on my knees are bruised where Mr. Hall grabbed me and when "inaudible" come towards and I did I grabbed her hair and that was all —
 JUDGE: Let me explain something to you. If I come to your house and I break your window out and I come in and I assaulted that your boyfriend or your husband by pulling a handful of hair out do you not think perhaps you are going to do something to try and get me out of that house?
 [APPELLANT]: Yes. That is why I plead guilty because I just — —
JUDGE: Alright. * * *
Transcript of Arraignment at 2-6.
Upon review of the transcript of the arraignment, we find the trial court advised appellant of her rights and the available pleas, and presented appellant with the opportunity to ask any questions regarding those rights and pleas. After the trial court explained the no contest plea, appellant entered a plea of guilty. Appellant asserts her comment, "I don't understand", refers not only to the no contest plea, but also to the guilty plea, however, we find the record belies such an assertion. Two additional times during the arraignment appellant makes remarks about her intention to plea guilty. In fact, at one point appellant states, "That is why I plead guilty * * *." T. at 6. Accordingly, we do not find the trial court abused its discretion in denying appellant's motion. Appellant further maintains the fact she was intoxicated at the time of the offense, coupled with the victim's desire to drop the charges, her ability to assert the defense of self-defense, and she was merely attempting to pick up her child could mitigate in favor of a trier of fact acquitting her of the charges. While we agree a trier of fact may have found appellant's version of the events credible, such does not establish the trial court abused its discretion in denying her motion to withdraw her guilty pleas, or establish a manifest injustice occurred. Accordingly, we overruled appellant's sole assignment of error.
The judgment entry of the County Court of Perry County is affirmed.